*IREDEEE, Judge.
The jurisdiction of the court is limited to particular persons; and, therefore, must be averred. Eor the difference has been rightly taken by the defendant’s counsel, between courts of limited, and those of general, jurisdiction. In the latter, exceptions to the jurisdiction must be pleaded; but, in the former, the defendant is not *1144 bound to plead it; for the plaintiff must entitle himself to sue there. If the declaration had alleged, that the plaintiff was a foreigner, then the defendant must have pleaded the disability; or he would have admitted his capacity to sue. Ability to sue here, is a fact which rests more in the knowledge of the plaintiff, than of the defendant; and therefore the former should shew himself capable of suing here. It is not the same with regard to the place of contract, for that the defendant knows, as well as the plaintiff; and therefore, if there be any exception on that ground, it being a thing in the knowledge of the defendant, he should plead it, for the same reason, that the plaintiff must aver his capacity in the other case. It is important that it should appear upon the record that the court had jurisdiction; and has only decided on cases, within its cognizance.
JAY, C. J.
I, at first, thought it questionable on the ground of a difference between jurisdiction over the subject matter, and over persons. But, on reflection, I do not think the distinction is - important. The English practice has been rightly stated by the defendant’s counsel; and those rules are more necessary to be observed here, than there, on account of a difference between the general and state governments: which should be kept separate; and teach left to do the business properly belonging to it. Therefore this court should not exceed its limits; and try causes not within its cognizance. Consequently, the jurisdiction ought to appear, but it does not, in this case; and therefore, I think the judgment should be arrested.
PER CIJR. Arrest the judgment.